UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE ALLAN SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | No. 2:17-cv-01168 AC<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1] For the reasons that follow, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

////

////

---

[1] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

# I. PROCEDURAL BACKGROUND

Plaintiff applied concurrently for Title II and XVI disability on June 24, 2013. Administrative Record ("AR") 210-13, 214-20.[2] Plaintiff alleged the disability onset date was June 24, 2009. AR 210, 235. The applications were disapproved initially, (AR 129-133), and on reconsideration, (AR 140-45). On February 22, 2016 ALJ Odell Grooms presided over hearings on plaintiff's challenge to the disapprovals. AR 37-70 (transcript). Plaintiff was present in person and testified at the hearing. AR 38. He was represented by attorney Donald Bartholomew. Id. Susan Creighton-Clavel, a vocational expert, also testified. Id.

On March 10, 2016, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 20-31 (decision), 32-35 (exhibits). On May 2, 2017, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 4-6 (decision).

Plaintiff filed this action on June 4, 2017. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 17 (plaintiff's summary judgment motion), 21 (Commissioner's summary judgment motion).

# II. FACTUAL BACKGROUND

Plaintiff was born in 1979, and accordingly was 30 years old at his alleged disability onset date (33 years at date last insured). AR 71. Plaintiff has at least a high school education. AR 112. He can communicate in English. AR 234.

# III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews

---

[2] The AR is electronically filed at ECF Nos. 11-3 to 11-10 (AR 1 to AR 507).

v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

////

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or

disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2012.

2. [Step 1] The claimant has not engaged in substantial gainful activity since June 24, 2009, the alleged onset date (20 CFR 416.971 *et seq.* and 416.971 *et seq.*).

3. [Step 2] The claimant has the following severe impairments: brachial plexus injury of the dominant right upper extremity (20 CFR 416.920(c) and 416.920(c)).

4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 404.1526, 416.920(d), 416.925 and 416.926).

5. [Preparation for Step 4] After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) and 416.967(b), except he can occasionally reach overhead and push and pull with his dominant right upper extremity; and he can occasionally handle, finger, and feel with his right upper extremity.

6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 416.965 and 416.965).

7. [Step 5] The claimant was born [in 1979], and was 30 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 20 CFR 416.963).

8. [Step 5, continued] The claimant has a limited education and is able to communicate in English (20 CFR 414.1564 and 20 CFR 416.964).

9. [Step 5, continued] Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs

that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969 and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, since June 24, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 22-31.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 31.

## VI. ANALYSIS

Plaintiff contends that the ALJ erred by discounting the mental impairments found by consultative examining psychologist Dr. Sid Cormier at Step Two, and therefore failing to account for all of plaintiff's limitations in determining his residual functional capacity ("RFC"). ECF No. 17 at 8, 11.

### A. Standard for Error at Step Two

At Step Two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c). Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Bowen v. Yuckert, 482 U.S. 137, 153 (1987). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p, 1996 SSR LEXIS 10 (1996)). The Step Two severity determination is "merely a threshold determination of whether the claimant is able to perform his past work. Thus, a finding that a claimant is severe at step two only raises a prima facie case of a disability." Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

At the second step, plaintiff has the burden of providing medical evidence of signs, symptoms, and laboratory findings that show that his or her impairments are severe and are

6

expected to last for a continuous period of twelve months. Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005); see also 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). An ALJ's finding that a claimant is not disabled at Step Two will be upheld where "there are no medical signs or laboratory findings to substantiate the existence of medically determinable physical or mental impairment." Ukolov, 420 F.3d at 1005.

### B. The ALJ Did Not Commit Reversible Error in Evaluating the Mental Impairments at Step Two

#### a. The ALJ's Review Technique Was Erroneous But Harmless

Since plaintiff alleged that he was disabled, at least in part, by the mental impairment of depression, the ALJ was required "to follow a special psychiatric review technique." Keyser v. Comm'r., 648 F.3d 721, 725 (9th Cir. 2011); 20 C.F.R. § 404.1520a(a) (in evaluating the severity of mental impairments, "we must follow a special technique at each level in the administrative review process").

First, the ALJ must determine whether plaintiff has "a medically determinable mental impairment(s)...." 20 C.F.R. § 404.1520a(b)(1). The ALJ did this, and found that plaintiff had the medically determinable mental impairments of anxiety and depression." AR 23. Second, the ALJ must "rate the degree of functional limitation resulting from the impairment(s)" in four specific functional areas. 20 C.F.R. § 404.1520a(b)(2), (c). The ALJ must rate the degree of limitation in the first three areas—activities of daily living; social functioning; concentration, persistence, or pace—using "the following five-point scale: None, mild, moderate, marked, and extreme." Id. § 404.1520a(c)(4). The ALJ must rate the degree of limitation in the final area—episodes of decompensation—using "the following four-point scale: None, one or two, three, four or more."

Third, the ALJ must use the ratings to determine the severity of the mental impairment. If the degree of limitation in the first three functional areas is "none" or "mild," and the degree of limitation is "none" in the fourth area, the impairment is "not severe," unless "the evidence otherwise indicates that there is more than a minimal limitation" in the plaintiff's ability to do basic work activities. 20 C.F.R. § 404.1520a(d)(1). However, if the ALJ finds that the functional

7

limitation in even one of these areas is "extreme" (or finds four or more episodes of decompensation), then that rating "represents a degree of limitation that is incompatible with the ability to do any gainful activity." Id. In other words, even though this technique is being applied at Step Two, a sufficiently severe rating—one that recognizes "extreme" limitations in even one functional area—will render the plaintiff disabled without any need to proceed through the rest of the sequential analysis. Id.

Here, the ALJ did not apply the special technique to evaluate the severity of plaintiff's mental impairment at Step Two. This was error. Instead, the ALJ analyzed the severity level using the Listings of Impairments (the "Listings"), 20 C.F.R Part 404, Sept. P, App'x 1, which is intended for use at Step Three. AR 23. In his analysis, the ALJ rated plaintiff's limitations as: "mild," in the activities of daily living; "mild," in social functioning; "mild," in concentration, persistence or pace; and none, in episodes of decompensation. AR 23-24. However, despite the fact that the ALJ made legal error by referencing the wrong review technique, his conclusions that plaintiff had only "mild" restrictions in each functional area are supported by substantial evidence, and the error is therefore harmless. The court will not reverse the Commissioner's decision if it is based on harmless error. Robbins, 466 F.3d 880 at 885.

### b. The ALJ's Conclusions at Step Two are Supported by Substantial Evidence

Although the ALJ used the improper review technique, the ultimate outcome is unaffected by the error because the ALJ's decision is supported by substantial evidence. Specifically, the ALJ madea specific finding regarding the degree of limitation in each of the functional areas and supported each finding with evidence from the record. AR at 23-24.

With respect to activities of daily living, the ALJ assessed mild limitations, citing evidence that the claimant described minimal issues with his performance of daily routines other than alleged inability to shop due to fear of crowds (AR 23, 243, 281), but also noted that plaintiff can perform a wide range of daily activities (AR 23, 279 (specifying he spends time with his kids and helps with dinner), 280 (listing meal preparation and housework, 281 (plaintiff "runs around" with wife and kids)) and his alleged difficulties are attributable mostly to purported lack of function in his right upper extremity rather than his mental impairments (AR 23, 279-81, 451

(psychological examiner note stating no impairment in ability to interact with co-workers or general public)).

With respect to social functioning, the ALJ assessed mild limitations. AR 24. The ALJ noted that though plaintiff expressed experiencing panic attacks and getting overwhelmed in crowds, feelings of sadness and PTSD symptoms (AR 24, 57-59, 243, 278), he still spends time with others, maintains contact with friends and family members, gets along with authority figures, and has never been fired or laid off due to behavioral problems (AR 24, 282, 284, 449). The ALJ further noted that the consultative psychological examiner, Dr. Sid Cormier, described plaintiff as "cooperative (AR 24, 448), and clinical records do not contain any suggestions of significant behavioral issues. AR 24.

With respect to concentration, persistence, and pace, the ALJ assessed mild limitations. AR 24. The ALJ acknowledge plaintiff's assertions that he has difficulty completing tasks, concentrating, understanding things and following instructions. AR 24, 283. Nonetheless, the ALJ concluded that plaintiff's mental status examination by the consultative examiner revealed normal thought process, lack of hallucinations or psychosis, adequate foresight, adequate long-term memory, intact arithmetic reasoning, intact working memory, and only episodic deficits in concentration, some impairment with intermediate memory, and possibly borderline abstract thinking. AR 24, 449-50. The ALJ also cited to records from clinical visits exemplifying plaintiff's lack of intellection or short-term memory deficits. AR 24, 330, 341.

Finally, with respect to the final assessment area, the ALJ noted there was are no episodes of decompensation in the record. AR 24.

In sum, the ALJ made all required findings, and identified substantial supporting evidence from the record, despite his failure to cite the correct review technique. Compare, Chahal v. Comm'r., No. 2:15-CV-1701 AC, 2016 WL 7374624, at *5 (E.D. Cal. Dec. 19, 2016) (noting that "the analysis the ALJ did conduct is not supported by substantial evidence" and finding error not harmless).

////

////

9

c. The ALJ Properly Weighed Medical Opinion Evidence at Step Two

Plaintiff alleges error regarding the ALJ's treatment of examining consultative psychologist Dr. Sid Cormier. ECF No. 17 at 11. The undersigned finds that the ALJ properly addressed Dr. Cormier's opinion, and was justified in granting it little weight.

i. The Medical Opinion Evidence

The record before the ALJ included the testimony of psychological consultative examiner Dr. Sid Cormier (AR 447-53) and the mental assessments of State agency psychological consultants Helen C. Patterson, Ph.D. (AR 78-87) and Phaedra Caruso-Radin, PsyD. (AR 106-08). The consulting physicians each found mild restrictions as to plaintiff's activities of daily living, social functioning, ability to maintain concentration, persistence and pace, and no episodes of decompensation. AR 78, 120.

Dr. Cormier's evaluation notes state that although plaintiff did not appear to be in any psychological distress at the time of the interview, plaintiff stated that he had become quite depressed due to his inability to work. AR 448. Dr. Cormier noted that plaintiff was very cooperative, and recounted plaintiff's self-reported symptoms. Id. In evaluating plaintiff's mental status, Dr. Cormier found plaintiff's thought processes were logical and sequential with "no indications of significant disorganization of thinking." AR 449. Plaintiff's mood was documented as a mixture of moderate depression and anxiety, and his concentration was "perhaps episodically impaired" based on plaintiff's ability to recall six digits forward and backward, but inability to count by serial 3's from 1-40. Id. Dr. Cormier noted plaintiff had adequate foresight and a basic grasp of the consequences of his own and others' behaviors, and found his arithmetic and reasoning skills basically intact. Id. Although Dr. Cormier found plaintiff's intermediate memory "may be significantly impaired," he found plaintiff's long-term memory to be adequate and his "working memory" to be "intact." AR 450. Dr. Cormier assessed borderline vocabulary. Id.

In terms of functional assessment, Dr. Cormier found plaintiff's "untreated anxiety and depressive disorders" likely to "seriously impair his current ability to perform not only complex and detailed tasks, but simple and repetitive ones as well." AR 450. While Dr. Cormier

expressed concern that plaintiff's symptoms may impair his ability to maintain regular attendance and perform work activities, he also found plaintiff "does not appear to require special or additional supervision." Id. Dr. Cormier opined that plaintiff's ability to complete a normal workday or workweek without mental health disruptions appeared to be "seriously impaired" and that although no formal memory testing was conducted, mental status information suggested impairment regarding plaintiff's ability to remember instructions. AR 451. However, Dr. Cormier also found that there was no evidence of impairment regarding plaintiff's ability to interact with the general public or co-workers, or his ability to deal with the typical stress of a competitive workplace. Id. Dr. Cormier found no impairment regarding impairment in pace or persistence, though he did note episodic concentration lapses. Id. Dr. Cormier concluded that there were "no obvious indications that [plaintiff] would represent a psychological or behavioral safety concern in a work setting at this time." Id.

### ii. Standard for Evaluating Medical Evidence

The Ninth Circuit distinguishes "among the opinions of three types of physicians: (1) those who treat the claimant (treating physician); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). Generally, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996). Accordingly, "the opinion of a treating physician must be given more weight than the opinion of an examining physician, and the opinion of an examining physician must be afforded more weight than the opinion of a reviewing physician." Ghanim v. Colvin, 763 F.3d 1154, 1160 (9th Cir. 2014) (citing Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(c)). When an examining physician's opinion is rejected in reliance on the testimony of a nonexamining advisor, "reports of the nonexamining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." Andrews, 53 F.3d at 1041.

////

iii. Analysis of the ALJ's Treatment of Dr. Cormier

The ALJ gave adequate reasons for assigning little weight to the contradicted opinion of consultative examiner Dr. Cormier. Andrews, 53 F.3d at 1041. The ALJ stated that Dr. Cormier's opinion was not consistent with the record as a whole and appeared to be "entirely based on the claimant's subjective allegations, as Dr. Cormier mostly documented unremarkable objective observations." AR 24. A review of Dr. Cormier's opinion confirms that he was reciting plaintiff's subjective reports rather than making independent observations; while Dr. Cormier did find limitations upon examination, they were not significant. AR 447-53; see Thomas, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and *inadequately supported by clinical findings*.") (emphasis added).

Further, the ALJ noted that the clinical records contradict Dr. Cormier's opinion because they show no mental health treatment and no severe mental symptoms. AR 24. Plaintiff does not identify any medical evidence of mental impairments in his summary of the evidence. ECF No. 17 at 9. Nor does plaintiff identify any evidence in the record, other than his own testimony and third-party function reports, reflecting mental health symptoms or treatment. Id. at 11-23. Plaintiff admits that "Dr. Cormier, a psychologist, was the only mental health acceptable medical source to examine Mr. Smith." Id. at 20. The ALJ appropriately considered the absence of mental health treatment, absence of mental health complaints to health care providers, and absence of any medical documentation of mental health symptoms, as inconsistent with Dr. Cormier's findings. It is the ALJ's province to interpret conflicts in the medical record. Edlund, 253 F.3d at 1156. The ALJ acted within his authority in considering the absence of mental health complaints and symptoms in the medical record.

Finally, the ALJ found that Dr. Cormier's assessments are contradicted by plaintiff's description at the hearing of relatively normal activities of daily living. AR 24, 243, 279, 280-81. It is permissible for the ALJ to reject a physician's opinion on grounds that it was contradicted by plaintiff's own statements regarding his activities of daily living. See Rollins v. Massanari, 261 F.3d 853 (9th Cir. 2001) (holding that an inconsistency between a doctor's opinion and the

12

claimant's admitted daily activities is grounds for rejecting a treating source opinion); see also 20 C.F.R. § 416.927(c)(4) (explaining that more weight is given to opinions that are consistent with the record as a whole). Because the ALJ gave three legitimate reasons discounting Dr. Cormier's opinion, the ALJ did not err.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 21), is GRANTED; and

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

IT IS SO ORDERED.

DATED: February 5, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE